21271 .

Clifford M. HENLEY, Respondent, v. NORTH TRIDENT REGIONAL HOSPITAL, Appellant.

(269 S. E. (2d) 328)

*Robert H. Hood* and *Marvin D. Infinger,* Charleston, *for appellant.*

*A. Elliott Barrow, Jr.,* Charleston, *for respondent.*

July 23, 1980.

LITTLEJOHN, Justice: ·

This is an appeal from the order of the circuit court denying the motion of defendant North Trident Regional Hospital for a change of venue. We affirm.

Plaintiff Clifford M. Henley brought this medical malpractice action against the hospital by a complaint dated August 8, 1978, filed in the Court of Common Pleas of Dorchester County. The hospital answered on October 18, 1978 and at the same time served interrogatories on Henley. The change of venue motion was made on January 27, 1979 on

the basis that the hospital was a resident of Charleston County and not of Dorchester County. The lower court denied the motion and found that the hospital had waived any right it might have had to demand a trial in Charleston County.[1]

The hospital points that the right of a defendant to be tried in the county of its residence is a substantial right and argues that it did not waive that right. Henley asserts, on the other hand, that the commencement of discovery and subsequent events established waiver by the hospital.

There is no longer any doubt that ". . . the right to be tried in the county of one's residence, while it is a 'substantial and valuable right', (citation omitted), relates only to the question of venue and can be waived." *Landvest Associates v. Owens,* S. C., 263 S. E. (2d) 646 (1980). The question raised by this appeal is whether the lower court correctly determined that a waiver of that right occurred.

While the facts of this case are not as persuasive as those present in *Landvest,* we think that the same result is warranted. In *Landvest* the defendant answered, counterclaimed, participated in extensive discovery, and successfully opposed a summary judgment motion. The filing of an answer and the simultaneous filing of interogatories alone might not be sufficient to establish waiver of the substantial right to trial in one's own county. Here we have, in addition, the failure to claim the right within a reasonable time. The complaint was served on August 8, 1978, and answered on October 18, 1978. This indicates that the hospital was granted an extension of time in which to respond to the complaint. The answer, which was accompanied by

---

[1] The order of the lower court did not address the issue of whether or not the hospital was a resident of Dorchester County. For the purposes of this appeal the location of the hospital's residence is not considered since we have determined that the finding of waiver was warranted.

interrogatories, did not reserve the right to move for a change of venue, and it was not until five months after service of the complaint, and three months after the answer, that the right was pursued. While the lower court did not place emphasis on the time element and the inevitable delay brought about by failure of the hospital to move promptly, we are of the opinion that the judge reached the right conclusion and, under our Rule 4, § 8, which permits affirmance on any ground appearing in the record, decline to disturb his ruling.

Under all of the facts of this case, we conclude that a finding of waiver was warranted and, accordingly, the order of the lower court is

Affirmed.

LEWIS, C. J., and NESS, GREGORY and HARWELL, JJ., concur.